IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No.  21-382-3 |
| | ) | |
| KARON TELLIVER | ) | |
| Defendant. | ) | |

### Memorandum Order Denying Motion to Reduce Sentence

**I.    INTRODUCTION**

Pending before this Court is Defendant Karon Telliver's Motion to Reduce his Sentence under 18 U.S.C. § 3582(c)(2), and the Government's opposition thereto.  By way of background, Defendant was convicted for his role in a drug trafficking conspiracy involving fentanyl in Western Pennsylvania (which caused at least one over overdose death), in October of 2023, after entering a plea of guilty pursuant to a plea agreement which contained a stipulated sentence of 84 months imprisonment, followed by 4 years of supervised release.  Defendant's sentence was below the then advisory guideline range of 87 to 108 months.  He is currently incarcerated at FCI Elkton, with an anticipated release date of April 11, 2027.

Defendant seeks a reduction under Amendment 821 of the Sentencing Guidelines, which allows a 2-level reduction for eligible offenders with zero criminal history points.  The Government counters that while Defendant may technically qualify, no reduction is warranted because: reducing the sentence would undermine Defendant's negotiated plea agreement; his offense conduct was serious; he committed several disciplinary violations including possession

and use of drugs during his incarceration; he is a danger to the community; and his current sentence aligns with the adjusted guideline range of 70 to 87 months imprisonment.

For reasons set forth herein, this Court will deny Defendant's Motion for Reduction of Sentence (doc. 228).

## II.  BACKGROUND

On May 2, 2023, Defendant changed his plea to guilty to a lesser included offense at Count 1 of the Indictment, for participating in a conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. section 841(a)(1) and 841(b)1)(B)(vi) and 846, pursuant to the terms of a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement.  As part of the binding plea agreement, crucially, Defendant also "agree[d] that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." (Doc. 163 at 5).

The United States Probation Office prepared the Presentence Investigation Report and determined that Defendant's criminal history category was a I and he had a total offense level of 29 resulting in a calculated advisory Guideline Range as 87 to 108 months imprisonment, and supervised release of 4 to 5 years.

This Court accepted the parties' plea agreement and sentenced Defendant to 84 months imprisonment and 4 years' supervised release. In the Court's statement of reasons, it noted that the "this Court adopted the plea agreement after giving due consideration to the relevant sentencing guideline range" but it did not state specifically that the Guideline Range was a reason for the Court's sentence. Of course, the Court further considered all of the Section 3553(a) factors as detailed therein. He is currently incarcerated at FCI Elkton, with an anticipated release date of April 11, 2027.

While Defendant seeks a sentence of 70 months imprisonment based upon the adjusted Guideline Range of 70 to 87 months imprisonment, the Government opposes that request and states that Defendant should serve the remaining term of his sentence and not receive any reduction.

### III.   APPLICABLE LAW

Title 18, United States Code, Section 3582(c)(2) allows a Court to reduce a defendant's sentence if that defendant has been sentenced based on a sentencing range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. §3582(c)(2).  A Court may only do so, however, after considering any applicable factors set forth in 18 U.S.C. § 3553(a), and any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.  *Dillon v. U.S*., 560 U.S. 817 (2010).  At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826.  Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  § 1B1.10(b)(1).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## IV. DISCUSSION

Although the parties appear to agree that Defendant technically may be entitled to a sentencing reduction at step one of the inquiry, pursuant to Section 3583(c)(2), this Court has previously held that the effect of Defendant entering into a plea agreement containing a stipulated sentence under Rule 11(c)(1)(c), does not entitle him to relief even under Amendment 821. *See United States v. Poole*, 21-cr-00421 at doc. 44; *United States v. Law*, 19-cr-00162-18 at doc. 1662. As stated above, Defendant in this case specifically agreed not to seek a reduction of sentence in the event that the Guideline Range was subsequently lowered. The binding plea agreement stated that: "Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." The Court will not disturb the agreement of the parties based upon the clear and unequivocal language in the plea agreement to which both parties agreed to the bound, and this Court accepted.

The instant Motion flies in the face of this portion of the binding plea agreement, and the Court declines to simply ignore that contractual promise made by Defendant. *See also U.S. v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 for multiple reasons, including because the defendant "expressly waived the right to file such motion as part of his plea agreement with the Government"); *U.S. v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30,

2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 in part because in the defendant's plea agreement, the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission" and defendant "is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.").

Upon consideration of factors at step two of the inquiry, the Court further finds that based upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), a sentence reduction of any amount is not warranted in this case, and Defendant's 84-month sentence, remains sufficient, but not greater than is necessary, to comply with the goals of sentencing, as set forth in 18 U.S.C. § 3553(a)(2), including that the sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes by this defendant. Defendant's history of conduct and prison infractions, such as possession and use of drugs, undermines his claims of rehabilitative efforts, and further convinces this Court that no relief is warranted here.

Accordingly, Defendant's Motion to Reduce Sentence is DENIED ([doc. 228](doc. 228)).  Because Defendant has withdrawn the filing of his original pro se Motion to Reduce (see [doc. 228-1](doc. 228-1)), his Motion ([doc. 218](doc. 218)) is DENIED AS MOOT.

s/Arthur J. Schwab  
ARTHUR J. SCHWAB  
United States District Judge

Dated: May 6, 2025

cc:     All ECF Registered Counsel of Record